IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) THE UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | No. 24-CV-626-CVE-SH |
| (1) MATTHEW J. BALLARD, District Attorney for The Twelfth Prosecutorial District of Oklahoma, in his official capacity, | ) ) ) ) ) ) | |
| *Defendant*. | ) | |

**DEFENDANT'S MOTION TO AMEND BRIEFING SCHEDULE**

Defendant, Matthew J. Ballard, District Attorney for the Twelfth Prosecutorial District of Oklahoma, respectfully requests that this Court amend its Order pursuant to which the deadline for Defendant to respond to Plaintiff's Motion for Preliminary Injunction was extended to February 28, 2025. [Dkt. #17]. Counsel for Defendant has conferred with counsel for Plaintiff, who represented that Plaintiff opposes this Motion.

1. On January 9, 2025, Defendant asked this Court to: a) extend Defendant's deadline by which to serve his answer or other responsive pleading to February 28, 2025; and b) extend Defendant's deadline by which to file a response, if necessary, to Plaintiff's Motion for Preliminary Injunction to thirty days after the Court's ruling on Defendant's impending dispositive motion. [Dkt. #15]. Regarding the latter, Defendant reasoned, in part, "that taxpayer dollars should not be expended on briefing associated with a request for injunctive relief that may be mooted by a favorable ruling on Defendant's dispositive motion" and that "judicial economy will likewise be served by an orderly disposition of a dispositive motion prior to reaching the merits argued in the Motion

for Preliminary Injunction." *Id*. Defendant also emphasized that Plaintiff would not be prejudiced by an extension considering "the fact that Plaintiff only now seeks to enjoin the state's prosecutions and jurisdiction of certain specific criminal matters commenced as early as June 29, 2023[.]" *Id*.

2. On January 9, 2025, the Court granted Defendant's request that its responsive pleading be due by February 28, 2025, and granted, in part, Defendant's request for an extension of time to respond to the Motion for Preliminary Injunction, saying:

> *For the present*, defendant's motion for extension of time [15] to respond to the complaint [2] and to the motion for preliminary injunction [5] is granted in part and denied in part as follows: the deadline to respond to both the complaint and the motion is extended to 2/28/25, *pending receipt of defendant's referenced dispositive motion*.

[Dkt. #17] (emphasis added).

The Court's Order requiring Defendant to respond to the Motion for Preliminary Injunction by February 28, 2025, as opposed to thirty days after a ruling on an impending dispositive motion, included two important caveats—"For the present" and "pending receipt of defendant's referenced dispositive motion." Understandably, before extending Defendant's deadline to respond to the Motion for Preliminary Injunction to thirty days after a ruling on Defendant's dispositive motion, the Court likely wanted to ensure that Defendant actually filed a dispositive motion, as opposed to an answer.

3. Defendant has now filed a Motion to Dismiss simultaneously with the filing of this Motion. Because Defendant has satisfied the condition of the Court's prior Order by filing the dispositive motion, advancing arguments that should require dismissal—Plaintiff's lack of standing and irrefutable application of abstention doctrines—Defendant respectfully requests that the Court amend Defendant's deadline to respond

to the Motion for Preliminary Injunction to thirty days after any ruling on the Motion to Dismiss.

4. As before, Plaintiff will not suffer any prejudice, given that: a) the State criminal prosecutions at issue have been ongoing since as early as June 29, 2023 [Dkt. #5, P. 5], making the additional time requested herein immaterial to Plaintiff; b) neither Plaintiff's nor any tribes' authority to prosecute is affected by Defendant's authority to prosecute; and c) Plaintiff's position is pending before a State district court through Plaintiff's submission of an amicus submission in *State of Oklahoma v. Tony Demond Williams*, United States' Submission as Amicus Curiae, No. CF-2023-311 (Rogers Co. Dist. Ct. Nov. 8, 2024). To be sure, Defendant's prior arguments regarding judicial economy and use of taxpayer dollars are equally as true today.

5. The relief requested herein will not affect any other deadlines or trial setting. It will, however, result in all deadlines in this case being the same as corresponding deadlines in a related lawsuit against a separate district attorney. *See United States v. Iski*, Order, No. 6:24-cv-493 (E.D. Okla. Jan. 9, 2025).

WHEREFORE, Defendant, Matthew J. Ballard, District Attorney for the Twelfth Prosecutorial District of Oklahoma, respectfully requests that this Court extend Defendant's deadline by which to file a response, if necessary, to Plaintiff's Motion for Preliminary Injunction to thirty days after the Court's ruling on Defendant's Motion to Dismiss.

Date: February 27, 2025

*/s/ Trevor S. Pemberton*
Trevor S. Pemberton, OBA #22271
PEMBERTON LAW GROUP PLLC
600 North Robinson Avenue, Suite 323
Oklahoma City, OK 73102
P: (405) 501-5054
trevor@pembertonlawgroup.com

**Certificate of Service**

I hereby certify that on February 27, 2025, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

/s/ Trevor S. Pemberton