IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MATTHEW BALLARD, District Attorney for the Twelfth Prosecutorial District of Oklahoma in his official capacity, | ) Case No: 4:24-cv-00626-CVE-SH |
| | ) |
| Defendant. | ) |

**NATIONS' RESPONSE TO DEFENDANT'S MOTION TO AMEND BRIEFING SCHEDULE**

On February 27, 2025, the Court "direct[ed] that EXPEDITED responses to [Defendant Matthew Ballard's motion to amend briefing schedule, ECF No. 53] are due by close of business on Friday, February, 28, 2025." ECF No. 54. Pursuant to that order, the Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma ("Nations") hereby file this response in opposition to Defendant's Motion ("Mot."), which should be denied for the following reasons.

1. Defendant has failed to comply with Local Civil Rule 7-1(g)(3), which requires that any motion for extension of time include "an explanation as to why the act may not be completed within the originally allotted time . . . ." That failure effectively concedes that Defendant could file a response to the preliminary injunction motion today, which is to be expected since he has known since January 9, 2025 that his deadline was February 28, 2025. An inability to file could not have arisen only one day before the due date in any event. Defendant has simply elected to gamble with compliance with this Court's January 9, 2025 Order in a second bid for the relief denied him on his first motion.

1

2. Defendant's assertion that he "has satisfied the condition of the Court's prior Order sequence his filings to stall consideration of Plaintiff's first-filed motion by filing the dispositive motion, advancing arguments that should require dismissal—Plaintiff's lack of standing and irrefutable application of abstention doctrines," Mot. at 2, is a contrived reading of a clear order. This Court's January 9, 2025 Order states: "the deadline to respond to both the complaint and the motion is extended to 2/28/25, pending receipt of defendant's referenced dispositive motion," and then sets a new deadline for replies of March 14, 2025. ECF No. 17.[1] Nothing in those terms conditions a second extension on Defendant's partial compliance with the January 9 Order. Nor is Defendant's assessment of the merits of his motion to dismiss, *see* Mot. at 2, relevant to his request for an extension of time to respond to Plaintiff's motion for a preliminary injunction. *See* Local Civil Rule 7-1(g) (listing factors).[2]

3. More fundamentally, if Defendant wanted early consideration of the grounds relied on in his motion to dismiss, he should have asserted those grounds in a timely response to the Plaintiff's motion for a preliminary injunction. It is proper to resolve a motion to dismiss asserting a lack of standing at the same time as a motion for preliminary injunction, *see Biden v. Nebraska*, 600 U.S. 477, 489-90 (2023) (evaluating plaintiffs-appellees' standing on appeal of grant of preliminary injunction). Abstention doctrines can also be resolved on a motion for preliminary injunction. *See, e.g.*, *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 926 (1975); *Rose v. Utah State Bar*, 444 F. App'x 298, 299 (10th Cir. 2011) (discussing underlying district court proceedings). Doing

---

[1] Defendant's statement that "[t]he relief requested herein will not affect any other deadlines," Mot. at 3, is therefore false.

[2] The Nations reserve all rights to address, at the appropriate time, the grounds advanced by Defendant in his motion to dismiss.

so would have served judicial economy as well, which is not served by Defendant's preference to sequence his filings to stall consideration of Plaintiff's first-filed motion.[3]

4. Defendant's motion does not actually seek an extension either. He is seeking a stay of proceedings on Plaintiff's motion for a preliminary injunction in the guise of an extension. That is gamesmanship, at best, and furnishes no reason to grant his motion, as it demands the Court to "consider the relative merits of the parties' pending motions as grounds for a stay," and "the mere fact that the defendant has challenged plaintiff['s] standing to bring suit does not require the Court to stay briefing on plaintiff['s] motion for preliminary injunction." *See* Order of Jan. 11, 2012 2, *Owasso Kids for Christ v. Owasso. Pub. Schs.*, No. 4:11-cv-00653-CVE-PJC (N.D. Okla.) (Eagan, J.) (ECF No. 30).

5. Nor is his contention that the United States will not suffer prejudice from Defendant's ploy correct. Mot. at 3. He first asserts there will be no prejudice because state prosecutions have been ongoing for some time. *Id.* But the law of this Circuit is that the state prosecution of Indians in Indian country constitutes an "invasion of tribal sovereignty" which injures the tribe. *Ute Indian Tribe of Uintah & Ouray Rsrv. v. Utah (Ute VI)*, 790 F.3d 1000, 1005 (10th Cir. 2015) (Gorsuch, J.); *see Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250-51 (10th Cir. 2001) (a threat by the State to impose its jurisdiction on Indians in Indian country, and thereby to violate tribal sovereignty, is irreparable harm). The indefinite continuation of irreparable harm is prejudice, and tramples one of the interests that the United States is suing to

---

[3] Defendant's desire to sync up filing deadlines in this case with those in *United States v. Iski*, *see* Mot. at 3, is simply his own preference as well. Since this Court sits in both cases, and the issues and filings in each case are near-identical, there is no judicial economy benefit to corresponding deadlines in these cases.

vindicate. As for the duration of the state prosecutions, "the magnitude of a legal wrong is no reason to perpetuate it." *McGirt v. Oklahoma*, 591 U.S. 894, 934 (2020).

Second, while Defendant claims that state jurisdiction will not affect tribal authority to prosecute, Mot. at 3, the settled law is that: "to allow the exercise of state jurisdiction [over Indians] would undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves." *Williams v. Lee*, 358 U.S. 217, 223 (1959); *see* Nations' Br. in Supp. of U.S. Mot. for Prelim. Inj. 19-21, ECF No. 24-3 ("Nations' PI Br."). And in any event, the Tenth Circuit has rejected dual compliance with state and tribal authority as an antidote for the irreparable harm tribal sovereignty suffers when the state exercises jurisdiction over Indians in Indian country. *See Pierce*, 253 F.3d at 1251 n.6.

Third, Defendant says that the United States is not harmed by delay because it has sought leave to file its merits position in an amicus submission in one state prosecution of an Indian for alleged conduct in Indian country. Mot. at 3. The contention that seeking to file an amicus brief in one case negates harm in another case is absurd. This argument wrongly assumes state courts are the proper place to prosecute Indians for conduct in Indian country, which is the merits issue to be decided in the preliminary injunction motion that Defendant wants the Court to stay. In any event, the United States' amicus brief has not actually been accepted or considered by the state court.

6.   Finally, all of Defendant's arguments rely on the same invalid premise: that the claimed merits of his motion to dismiss means that judicial economy will be served and taxpayer dollars saved by the extension he seeks on a different motion. Mot. at 3. That may be Defendant's view, but his view of the strength of his own position is not a legal reason to grant the relief he seeks.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Amend Briefing Schedule should be denied.

Dated: February 28, 2025

Respectfully submitted,

By: */s/ Frank S. Holleman*
Frank S. Holleman
Douglas B. L. Endreson
SONOSKY, CHAMBERS, SACHSE,
  ENDRESON & PERRY, LLP
1425 K St. NW, Suite 600
Washington, DC 20005
Tel: 202-682-0240
E-mail:  fholleman@sonosky.com
         dendreso@sonosky.com

*Counsel for the Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma*

Chad Harsha
*Attorney General*
CHEROKEE NATION
OFFICE OF ATTORNEY GENERAL
P.O. Box 1533
Tahlequah, OK 74465
Tel: 918-453-5369
E-mail: chad-harsha@cherokee.org

R. Trent Shores
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, OK 74120
Tel: 918-595-4800
E-mail: tshores@gablelaw.com

*Counsel for the Cherokee Nation*

Stephen Greetham
GREETHAM LAW, PLLC
621 Greenwood Road
Chapel Hill, NC 27514
Tel: 580-399-6989
E-mail: sgreetham@greethamlaw.net

*Counsel for the Cherokee Nation and Chickasaw Nation*

Michael Burrage
WHITTEN BURRAGE
512 N. Broadway Ave., Suite 300
Oklahoma City, OK 73102
Tel: 405-516-7800
E-mail: mburrage@whittenburragelaw.com

*Counsel for the Chickasaw Nation and Choctaw Nation of Oklahoma*

Brian Danker
*Senior Executive Officer*
DIVISION OF LEGAL & COMPLIANCE
CHOCTAW NATION OF OKLAHOMA
1802 Chukka Hina Drive
Durant, OK 74701
Tel: 580-642-7423
E-mail: bdanker@choctawnation.com

*Counsel for the Choctaw Nation of Oklahoma*

Kaycie Sheppard
*Chief Executive Counsel*
THE CHICKASAW NATION
OFFICE OF EXECUTIVE COUNSEL
2021 Arlington St.
Ada, OK 74820
Tel: 580-310-7925
E-mail: kaycie.sheppard@chickasaw.net

*Counsel for the Chickasaw Nation*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2025, I caused the above and foregoing document to be electronically submitted to the Clerk of Court via the ECF System for filing.

*/s/ Frank S. Holleman*
Frank S. Holleman