IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> *Plaintiff*, <br><br> v. <br><br> MATTHEW BALLARD, District Attorney for the Twelfth Prosecutorial District of Oklahoma, in his official capacity, <br><br> *Defendant*. | Case No. 4:24-cv-00626-CVE-SH |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND BRIEFING SCHEDULE**

Defendant Matthew Ballard, District Attorney for the Twelfth Prosecutorial District of Oklahoma ("Defendant"), in his Motion to Amend (ECF No. 53), requests relief that the Court has already denied once before. Specifically, Defendant requests that his response to the United States' Motion for Preliminary Injunction (ECF No. 5)—which was due today, February 28, 2025—be extended to 30 days after the Court rules on Defendant's Motion to Dismiss (ECF No. 52).[1] Defendant does not cite to any prejudice, hardship, or infeasibility in meeting the February 28, 2025, deadline, which Defendant has been on notice of since January 9, 2025. ECF No. 17. Instead, Defendant alleges that the United States is not being harmed by Defendant's prosecutions of Indians in Indian country, and that responding to the United States' Motion for Preliminary Injunction would be a waste of taxpayer dollars. ECF No. 53 at 3 ¶ 4. These

---

[1] Defendant reads the Court's January 9, 2025, Minute Order as indicating an intent to extend the February 28, 2025, deadline to respond to the Motion for Preliminary Injunction once a dispositive motion is filed. That is not how the United States read the Court's Minute Order, nor does it appear to be how Judge White read it. *See* ECF No. 22 at 1, *United States v. Iski*, 6:24-cv-00493-CVE (E.D. Okla. Jan. 14, 2025) (White, J.) ("Judge Eagan extended defendant's deadline to respond to <u>both</u> the complaint and motion for preliminary injunction until February 28, 2025." (emphasis in original)). Regardless, for all the reasons stated herein, Defendant's deadline to respond to the Motion for Preliminary Injunction should not be delayed until after a ruling on Defendant's Motion to Dismiss.

1

arguments, which assume that Defendant will prevail on the merits, are not compelling.[2] And because these arguments go to the merits, the proper place to make them is in response to the Motion for Preliminary Injunction—not in asking for more time to respond.

In any event, allowing Defendant to continue prosecuting Indians in Indian country during the pendency of this litigation will cause irreparable harm to the United States. *See* ECF No. 5 at 22-25. First, the United States will suffer irreparable harm as trustee for federally recognized Indian tribes. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 856 & n.20 (1985) (recognizing that United States has long been "committed to a policy of supporting tribal self-government and self-determination"); *Ute Indian Tribe of the Uintah & Ouray Rsrv. v. Utah*, 790 F.3d 1000, 1005 (10th Cir. 2015) (noting "the 'paramount federal policy' of ensuring that Indians do not suffer interference with their efforts to 'develop . . . strong self-government.'" (citation omitted)). The Tenth Circuit has repeatedly stated that a "threat of continued citation by the state"—whether in the existing or new prosecutions—creates "the prospect of significant interference with [tribal] self-government." *Prairie Band of Potawatomi v. Pierce*, 253 F.3d 1234, 1250-51 (10th Cir. 2001) (citation omitted); *see also, e.g.*, *Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 790 F.3d at 1005 (state prosecution of Indians for traffic offenses in Indian country is "itself an infringement on tribal sovereignty"); *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1251-52, 1255 (10th Cir. 2006) ("We have repeatedly stated that such an invasion of tribal sovereignty can constitute irreparable injury." (citations omitted)).

Second, Defendant's prosecutions in violation of federal law harm the United States' own prosecutorial authority in Indian country. Indeed, Defendant has already directly interfered with the United States' prosecutorial authority while the Motion for Preliminary Injunction has been

---

[2] Defendant's assertion that responding to the United States' Motion for Preliminary Injunction would be a waste of taxpayer dollars is also undercut by: (1) his agreement to respond to a substantially similar motion for preliminary injunction (at the same time as the complaint) in *Muscogee (Creek) Nation v. Ballard*, 4:25-cv-00050-CVE-JFJ (ECF Nos. 19, 20); (2) that he waited until the day before the deadline to respond to request more time, as he is presumably prepared to file a response if his request is denied a second time; and (3) his multiple briefs in state court proceedings in which he has already made his argument for state jurisdiction.

pending. In October 2024, Brayden Bull pled guilty to federal charges and was sentenced to 50 years in federal prison. *See United States v. Bull*, 4:23-cr-00283 (N.D. Okla.). Despite the federal government prosecuting Bull, and despite Bull receiving a 50-year sentence and being incarcerated in a federal prison, Defendant has repeatedly attempted to have Bull released to be tried for the same conduct in state court. *Oklahoma v. Bull*, CF-2023-00226 (Dist. Ct. Rogers Cnty.). The United States has just learned that Defendant Ballard secured the release of Bull from federal custody, and Bull appeared in state court on February 10. This occurred while the United States' Motion for Preliminary Injunction was pending, without notice to this Court or the attorneys for the United States in this matter, and over the objection of the United States Attorney's Office for the Northern District of Oklahoma. The pending Motion for Preliminary Injunction seeks to avoid such jurisdictional confusion and maintain the status quo until the Court resolves the legal issues in this matter.

    More generally, Defendant's refusal to refer cases to the proper jurisdiction for prosecution has made it impossible for the United States to know how many prosecutions Defendant has brought in violation of federal law. It may also prevent the United States from prosecuting criminals over whom it (and not the State) has jurisdiction. And if the Court ultimately agrees with the United Sates on the merits, then any prosecutions by Defendant in violation of federal law will eventually have to be retried by the United States or tribes after a long lapse in time, creating potential issues with available witnesses and evidence, and potentially re-victimizing case victims. Granting the Motion for Preliminary Injunction will preserve the status quo and prevent these harms caused by Defendant from multiplying.

    Despite all this, Defendant argues that the United States will not be prejudiced by delay in this case because the United States filed a submission as amicus curiae in *Oklahoma v. Williams*, No. CF-2023-311 (Rogers Cnty. Dist. Ct.). ECF No. 53 at 3. But the hearing on the motion to dismiss in *Williams* has been continued until June 20, 2025. So has the hearing on the motion to dismiss in *Oklahoma v. Ashley*, No. CF-2024-421 (Rogers Cnty. Dist. Ct.). In both cases, the defendant cited Defendant's February 28, 2025, deadline to respond to the United

States' Motion for Preliminary Injunction as reason to continue the state court hearings. Similar motions for continuance have been filed in other unlawful prosecutions brought by Defendant, which the United States did not learn about until after filing its Complaint. *See Oklahoma v. Billey*, Nos. CF-2024-00073, CF-2024-00117 (Craig Cnty. Dist. Ct.). In the *Billey* cases, Defendant objected to the motions for continuance, arguing that the state prosecutions should move forward because this Court "stay[ed] deadlines for responses to the motion for preliminary injunction" on February 27, 2025. The state court denied the motions for continuance on February 28, 2025.

      For all these reasons, the United States respectfully requests that the Court deny Defendant's Motion to Amend the Briefing Schedule and order Defendant to respond to the United States' Motion for Preliminary Injunction. The schedule that the Court already set respects the need for quick review of the Motion for Preliminary Injunction, while also allowing Defendant ample time to respond. Defendant will not be prejudiced by the Court denying his last-minute request for delay until after a ruling on his dispositive motion, but the United States will be prejudiced if the Court grants that request.

Dated: February 28, 2025

Respectfully submitted,

LISA LYNNE RUSSEL
Deputy Assistant Attorney General
Environment & Natural Resources Division

*/s/ Hillary Hoffman*
HILLARY HOFFMAN
CODY MCBRIDE
United States Department of Justice
Environment & Natural Resources Division
Tribal Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-3147 (Hoffman)
Tel.: (202) 514-6755 (McBride)
Fax: (202) 353-1156
hillary.hoffman@usdoj.gov
cody.mcbride@usdoj.gov

OF COUNSEL:
Conor Cleary, Field Solicitor, Tulsa Filed Solicitor's Office
United States Department of the Interior
Office of the Solicitor

*Attorneys for the United States of America*

**CERTIFICATE OF SERVICE**

I certify that on February 28, 2025, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve and send a notice of electronic filing to all parties or their counsel of record.

DATED: February 28, 2025

*/s/ Hillary Hoffman*
HILLARY HOFFMAN
United States Department of Justice
Environment & Natural Resources Division
Tribal Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
Tel.: (202) 598-3147
Fax: (202) 353-1156