## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 24-CV-0626-CVE-SH |
| | ) | (BASE FILE) |
| and | ) | |
| | ) | Consolidated with: |
| CHEROKEE NATION, | ) | Case No. 25-CV-0050-CVE-SH |
| CHICKASAW NATION, and | ) | |
| CHOCTAW NATION OF OKLAHOMA, | ) | |
| | ) | |
| Intervenor Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MUSCOGEE (CREEK) NATION, | ) | |
| | ) | |
| Consolidated Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MATTHEW J. BALLARD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court are Jason Henson's pro se motion to intervene (Dkt. # 20) ("the motion")

and application for joinder as petitioner (Dkt. # 21) ("the application"),[1] defendant's responses to the

motion (Dkt. # 39) and application (Dkt. # 40), plaintiff United States' response in opposition to the

motion (Dkt. # 41),[2] and Henson's "response to United States' response [reply] in opposition to [his]

---

[1]    Henson uses upper and lower case letters interchangeably throughout his pleadings. For ease of reading, the Court adopts the proper case when quoting Henson's writing.

[2]    Within its response to the motion, the United States includes a footnote stating that, "[f]or these same reasons, the Court should deny [Henson's] 'application for joinder as petitioner,' in which he seeks the same relief as in his [m]otion to [i]ntervene." Id. at 1 n.1.

motion to intervene . . ." (Dkt. # 44).[3]  As plaintiff proceeds pro se, the Court liberally construes his

pleadings.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224

(10th Cir. 2002). The Court finds that Henson fails to meet the requirements for intervention and

joinder.

    In Henson's motion, he states that he is "an enrolled member of the[ ] Cherokee Nation . .

. [who] . . . was convicted of a crime committed within the boundaries of the Cherokee Nation

reservation in the County District of Rogers County."[4] Dkt. # 20, at 1 (emphasis in original omitted).

Henson further alleges that:

> [He] filed an [sic] post-conviction relief in case No. CF-2016-392, around 2020.
> After McGirt ruling and was denied relief, District Attorney was the attorney
> prosecuting me without subject matter jurisdiction, I raised my tribal status at the
> beginnings of my criminal prosecution yet I was not heard or considered denying me
> due process in the proceedings and an opportunity to be heard, violation of treaty's
> with the Cherokee's 1866, Public Law 280, and congressional authorization that
> Matthew Ballard had authority over me because I'm Cherokee Indian. . . . I raised my
> tribal status with Rogers County and Matthew Ballard still prosecuted me without
> jurisdiction.

---

[3]     In his reply, Henson attached his certificate-of-degree-of-Indian-blood issued by the United
States Department of the Interior Bureau of Indian Affairs.  Id. at 6.

[4]     The Court may take judicial notice of Henson's state proceeding. Zimomra v. Alamo
Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997) ("Federal Rule of Evidence 201
authorizes a federal court to take judicial notice of adjudicative facts at any stage of the
proceedings, and in the absence of a request of a party."); St. Louis Baptist Temple, Inc. v.
Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in
appropriate circumstances, may take notice of proceedings in other courts, both within and
without the federal judicial system, if those proceedings have a direct relation to matters at
issue.").  Therefore, while Henson later refers to Wagoner county when citing his case
number (Dkt. # 44, at 2), the Court has reviewed the docket sheet for case number CF-2016-
392 and finds that Henson was convicted in Rogers county.  Additionally, Henson references
case number CF-2016-397.  Id. at 3.  However, the Court cannot find a case in which Henson
was the defendant under that case number in either Rogers or Wagoner county.  Therefore,
the Court interprets Henson's reference to CF-2016-397 as referring to his case in Rogers
county, CF-2016-392.

Id. at 2.  In Henson's reply, he further claims that, in 2016 or 2017, he raised "his native status and that the court lacked jurisdiction, that Matthew Ballard lacked authority to prosecute him[, but] the court overruled it . . . ."  Dkt. # 44, at 2-3.  Henson seeks relief in the form of a "declaration, either injunctory [sic] or declaratory relief or any other relief court deems proper to declare the defendant prosecuted plaintiff illegally and that trial and court records show and prove defendant never had jurisdiction because he's Indian and the crime occurreed [sic] on or in the Cherokee Nation reservation . . . as plaintiff raised before the conviction[.]"  Id. at 4.

The Court first considers whether Henson meets the requirements for intervention as of right or with the Court's permission.   A party seeking to intervene as of right must show that "(1) the application is 'timely[;'] (2) 'the applicant claims an interest relating to the property or transaction which is the subject of the action[;'] (3) the applicant's interest 'may as a practical matter' be 'impaired or impeded[;'] and (4) 'the applicant's interest is not adequately represented by existing parties.'"  United States v. Albert Inv. Co., 585 F.3d 1386, 1391 (10th Cir. 2009) (quoting Utah Ass'n of Cntys. v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001)); FED. R. CIV. P. 24(a).  Defendant argues that Henson's interests have been protected and addressed through the state court system.  Dkt. # 39, at 2.  The United States argues that Henson lacks an interest that could be adversely affected in this action, and any interest he has is adequately represented by the United States.  Dkt. # 41, at 1, 2-6.  However, defendant and the United States do not argue that Henson's motion is untimely, and the Court assumes for the purpose of this analysis that Henson timely filed his motion.

"[T]he question of impairment is not separate from the question of existence of an interest."  Utahns for Better Transp. v. U.S. Dep't. of Transp., 295 F.3d 1111, 1116 (10th Cir. 2002) (quoting Utah Ass'n of Cntys., 255 F.3d at 1253).  Therefore, the Court will consider elements two and three

3

together. Henson argues that he has "an inherent right as a member of the Cherokee Nation to intervene, and interest in the outcome of the proceedings filed against [defendant], dealing with the Cherokee reservation and jurisdiction in the future and now." Dkt. # 20, at 2. He further asserts that he has a right to intervene "due to the outcome of the proceedings with the Cherokee Nation, and the defendant's lack of jurisdiction to prosecute him now, in the past[,] and in the future. and [sic] affect his ability to vote . . . ." Dkt. # 44, at 1-2. Henson argues that he has the same interest in this case as he did in his state court criminal case because "this litigation is about the defendant and the state's lack of jurisdiction over Indians." Id. at 3.

Henson relies on the United States Supreme Court holding in McGirt v. Oklahoma, 591 U.S. 894 (2020), for his argument that defendant lacked jurisdiction to prosecute him . On July 9, 2020, the Supreme Court held that, because Congress did not disestablish the Muscogee (Creek) Nation reservation, the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and, as a result, the federal government has exclusive jurisdiction to prosecute certain crimes committed by Indians within those boundaries. McGirt, 591 U.S. 894. The Oklahoma Court of Criminal Appeals ("OCCA") held, in March 2021, that Congress did not disestablish the Cherokee Nation reservation and that reservation too is Indian country, as defined in 18 U.S.C. § 1151(a). Hogner v. State, 500 P.3d 629, 635 (Okla. Crim. App. 2021), overruled on other grounds by Deo v. Parish, 541 P.3d 833, 838 n.7 (Okla. Crim. App. 2023). On August 12, 2021, the OCCA reaffirmed its prior decisions recognizing the existence of several reservations, including the Cherokee Nation reservation, but held "that McGirt and [the OCCA's] post-McGirt decisions recognizing these reservations shall not apply retroactively to void a conviction that was

4

final when <u>McGirt</u> was decided." <u>State ex rel. Matloff v. Wallace</u>, 497 P.3d 686, 689 (Okla. Crim. App. 2021).

In essence, Henson seeks post-conviction relief by challenging the constitutionality of <u>Wallace</u>, 497 P.3d 686, and arguing that <u>McGirt</u>, 591 U.S. 894, should retroactively apply to his 2019 state court conviction in which he entered a guilty plea. Dkt. # 20, at 2; Dkt. # 44, at 2.[5] While Henson requests that the Court declare that defendant lacked jurisdiction to prosecute him (Dkt. # 44, at 4), plaintiffs[6] request declaratory and injunctive relief preventing defendant from further asserting that Oklahoma has criminal jurisdiction over Indians for conduct occurring in Indian country (Dkt. # 2, at 1; Dkt. # 24-2, at 1; <u>Muscogee (Creek) Nation v. Ballard</u>, 25-CV-0050-CVE-JFJ, Dkt. # 2, at 9-10 (N.D. Okla.)). In other words, Henson claims an interest in voiding his past conviction (Dkt. # 20, at 2; Dkt. # 44, at 2-3), whereas plaintiffs claim interests in defending their sovereignty from defendant's current and future prosecutions (Dkt. # 2, at 2-3; Dkt. # 24-2, at 1; <u>Muscogee (Creek) Nation</u>, 25-CV-0050-CVE-JFJ, Dkt. # 2, at 5-6). Therefore, Henson does not claim an interest relating to the transaction which is the subject of this action—defendant's current and future prosecutions. Further, regardless of which party ultimately prevails, the Court's rulings will not impair or impede Henson's interest because the retroactive

---

[5]     The Court may take judicial notice of Henson's state proceeding, including the date of Henson's conviction and guilty plea—February 6, 2019. <u>Zimomra</u>, 111 F.3d at 1503; <u>St. Louis Baptist Temple, Inc.</u>, 605 F.2d at 1172.

[6]     The Court refers to the United States, the Cherokee Nation, the Chickasaw Nation, the Choctaw Nation of Oklahoma, and the Muscogee (Creek) Nation as "plaintiffs." All plaintiffs, with the exception of the Muscogee (Creek) Nation, also request declaratory and injunctive relief preventing defendant from unlawfully detaining and prosecuting Indians in Indian country. Dkt. # 2, at 1; Dkt. # 24-2, at 1; <u>Muscogee (Creek) Nation v. Ballard</u>, 25-CV-0050-CVE-JFJ, Dkt. # 2, at 9-10 (N.D. Okla.).

application of <u>McGirt</u> is not before the Court, and, "[i]n this circuit, a prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus."[7] <u>Palma-Salazar v. Davis</u>, 677 F.3d 1031, 103 (10th Cir. 2012). Therefore, the Court finds that Henson does not meet the requirements for intervention as of right.[8]

As to permissive intervention, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Permissive intervention is "a matter within the sound discretion of the district court . . . ." <u>Arney v. Finney</u>, 967 F.2d 418, 421 (10th Cir. 1992) (quotations omitted). "In exercising its discretion, the [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Defendant argues that Henson's claim that <u>McGirt</u> applies retroactively has no commonality to the distinct issues of prospective application presented by the United States. Dkt. # 39, at 2. The United States argues that Henson's intervention would cause undue delay and prejudice the United States. Dkt. # 41, at 1 n.1. As explained above, unlike plaintiffs' claims, Henson's claim relates to defendant's alleged

---

[7]    In holding that Henson does not meet the requirements for intervention or joinder, the Court does not reach the merits of Henson's attempt to seek post-conviction relief.

[8]    As discussed in the Court's opinion and order granting the Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma's motion to intervene as plaintiffs (Dkt. # 72), the Court is cognizant of the tension within the Tenth Circuit as to which test courts should use to determine the adequacy of representation by an existing governmental party. <u>See Kane Cnty. v. United States (Kane V)</u>, 113 F.4th 1290, 1292-94 (10th Cir. 2024) (per curiam). (Tymkovich, Kelly, Eid, Carson, & Federico, JJ., dissenting). Because Henson fails to claim an interest that may be impaired or impeded by this litigation, the Court declines to opine as to whether the United States adequately represents Henson and proceeds to its analysis of permissive intervention.

6

conduct prior to the McGirt ruling and challenges the constitutionality of the Wallace decision, an issue not before this Court. Therefore, the Court declines to exercise its discretion to allow Henson to permissively intervene.

The Court now turns to Henson's application for joinder. In his application, Henson "alleges and states . . . [t]hat the relief sought in this case will affect [him] in the same ways that it affects [p]laintiffs." Dkt. # 21, at 1. Defendant argues that Henson fails to meet the requirements to joinder because the United States' requested relief has no bearing on or relationship to Henson's case or interests. Dkt. # 40, at 2. The United States argues that the Court should deny Henson's application for joinder for the same reasons that the United States set forth as to intervention. Dkt. # 41, at 1 n.1. While Henson does not explain whether he seeks joinder under Rule 19 or 20, the Court will consider whether Henson meets the requirements for joinder under either rule. FED. R. CIV. P. 19; FED. R. CIV. P. 20.

Under Rule 19, an individual "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction . . . " is a required party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). As discussed above, if the Court ultimately grants relief to any party in this case, the relief will not affect Henson because he seeks to litigate an issue that is not before this Court and that arises out of facts separate from the current action. Therefore, the Court finds that Henson is not a required party.

As to permissive joinder under Rule 20, an individual may join in an action as a plaintiff if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." FED. R. CIV. P. 20(a)(1). "[W]hether to allow such joinder is left to the discretion of the trial judge." Hefley v. Textron, Inc., 713 F.2d 1487, 1499 (10th Cir. 1983). For the same reasons that the Court finds that Henson may not intervene, the Court declines to exercise its discretion to grant Henson's application for joinder.[9] Therefore, the Court denies Henson's motion (Dkt. # 20) and application (Dkt. # 21).[10]

**IT IS THEREFORE ORDERED** that Jason Henson's motion to intervene (Dkt. # 20) and application for joinder as petitioner (Dkt. # 21) are **denied**.

---

[9]    The Seventh Circuit and some district courts within the Tenth Circuit have explained that joinder under Rule 20 does not apply to nonparties. See e.g., Thompson v. Boggs, 33 F.3d 847, 858 n.10 (7th Cir. 1994) (explaining that a nonparty seeking to join a case should file a motion to intervene under Rule 24, rather than seek joinder); Terwilliger v. Allen, No. 23-CV-0740-DDD-KAS, 2023 WL 5485626, at *1-2 (D. Colo. Aug. 24, 2023) (unpublished); 10th Cir. R. 32.1(A) (allowing the Court to cite unpublished decisions for their persuasive value). However, the United States and defendant do not argue that Henson's nonparty status renders Rule 20 inapplicable, and the Court does not address this issue.

[10]   Because the Court finds that Henson fails to meet the requirements for intervention or joinder, the Court does not address Henson's doubtful standing. Similarly, the Court does not address Henson's failure to accompany his motion to intervene with "a pleading that sets out the claim or defense for which intervention is sought . . ." as required under Rule 24(c). FED. R. CIV. P. 24(c).

8

**IT IS FURTHER ORDERED** that the Court of Clerk is directed to send a copy of this opinion and order to Jason Henson at the following address:

DOC # 270055
James Crabtree Correctional Center, Unit 6
216 North Murray Street
Helena, Oklahoma 73741

**DATED** this 15th day of April, 2025.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

9