IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>CHEROKEE NATION,<br>CHICKASAW NATION, and<br>CHOCTAW NATION OF OKLAHOMA,<br><br>*Intervenor Plaintiffs*,<br><br>and<br><br>MUSCOGEE (CREEK) NATION,<br><br>*Consolidated Plaintiff*,<br><br>v.<br><br>MATTHEW BALLARD, District Attorney for the Twelfth Prosecutorial District of Oklahoma, in his official capacity,<br><br>*Defendant*. | Case No. 24-CV-0626-CVE-SH<br>(BASE FILE)<br><br>Consolidated with:<br>Case No. 25-CV-0050-CVE-SH |

**DEFENDANT MATTHEW BALLARD ANSWER TO THE PLAINTIFF INTERVENORS' COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Matthew Ballard ("Defendant") submits this Answer to the Plaintiff Intervenors, the Cherokee Nation, Chickasaw Nation, and Choctaw Nation of Oklahoma (collectively, "Intervenor Plaintiffs") Complaint.

Unless specifically admitted herein, Defendant denies the allegations in Intervenor Plaintiffs' Complaint. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to the allegations in each corresponding paragraph of the Complaint as follows:

1

## NATURE OF ACTION

1. Defendant denies Intervenor Plaintiffs' allegations and characterization of the law in paragraph 1 of their Complaint. "[A]s a matter of state sovereignty, a State has jurisdiction over all of its territory, including Indian country." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636 (2022). Indeed, "the Court's precedents establish that Indian country is part of a State's territory and that, unless preempted, States have jurisdiction over crimes committed in Indian country." *Id*. at 638. Defendant denies that his prosecution of criminal offenses within his district is unlawful. Defendant further denies that Oklahoma's exercise of criminal jurisdiction violates federal law or fundamental constitutional principles. *McGirt v. Oklahoma* held only that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was not disestablished. 591 U.S. 894 (2020). *McGirt* did not hold that the State lacks all criminal jurisdiction in Indian country. As the Supreme Court later clarified, Indian country is part of a State's territory, and, unless preempted, States retain jurisdiction over crimes committed there. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022). The Court further explained that the General Crimes Act does not categorically preempt state jurisdiction and that, in appropriate circumstances, both the Federal Government and the State may exercise concurrent jurisdiction in Indian country. *Id*. at 639. Defendant denies that Congress has categorically precluded Oklahoma from exercising criminal jurisdiction as alleged. Defendant further denies that exclusive criminal jurisdiction rests solely with the United States and tribal governments in all circumstances described in the Complaint.

2. Defendant denies the allegations and legal characterizations in paragraph 2 of the Complaint and adopts and incorporates his response to paragraph 1 of Intervenor Plaintiffs' Complaint, above.

3. Defendant denies the allegations and legal characterizations in paragraph 3 of the Complaint and adopts and incorporates his response to paragraph 1 of Intervenor Plaintiffs' Complaint, above.

4. Defendant denies the allegations and legal characterizations in paragraph 4 of the Complaint and adopts and incorporates his response to paragraph 1 of Intervenor Plaintiffs' Complaint, above.

**Parties**

5. Regarding the allegations in paragraph 5 of Plaintiff's Complaint, Defendant admits only that the Cherokee Nation is a federally recognized Indian tribe who is recognized by the Secretary of Interior but denies the remaining allegations or legal characterizations. Defendant further adopts and incorporates his response to the allegations in paragraph 1 of Plaintiff's Complaint, above.

6. Regarding the allegations in paragraph 6 of Plaintiff's Complaint, Defendant admits only that the Chickasaw Nation is a federally recognized Indian tribe who is recognized by the Secretary of Interior but denies the remaining allegations or legal characterizations. Defendant further adopts and incorporates his response to the allegations in paragraph 1 of Plaintiff's Complaint, above.

7. Regarding the allegations in paragraph 7 of Plaintiff's Complaint, Defendant admits only that the Cherokee Nation is a federally recognized Indian tribe who is recognized by the Secretary of Interior but denies the remaining allegations or legal characterizations. Defendant further adopts and incorporates his response to the allegations in paragraph 1 of Plaintiff's Complaint, above.

8. Regarding the allegations in paragraph 8 of Intervenor Plaintiffs' Complaint, Defendant admits that he is the District Attorney for the Twelfth Prosecutorial District of Oklahoma and that he has been sued in his official capacity. Defendant further admits that the Twelfth Prosecutorial District includes Craig, Mayes, and Rogers Counties, and that those counties include areas that fall within the historical exterior boundaries of the Cherokee Reservation, which is in the State of Oklahoma.

9. Regarding the allegations and legal characterizations in paragraph 9 of Intervenor Plaintiffs' Complaint, Defendant admits that he "is responsible for appearing in state court to prosecute all violations of state law within the Twelfth District." Defendant further admits that Oklahoma law defines Defendant's powers, duties, and jurisdiction. Defendant further admits that his compensation is fixed by Oklahoma law and that he is paid with State resources. Regarding the remaining allegations, Defendant admits only that he maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country, and he adopts and incorporates his response to the allegations in Paragraph 1 of Intervenor Plaintiffs' Complaint, above.

## Jurisdiction and Venue

10. With respect to the allegations in paragraph 10 of Intervenor Plaintiffs' Complaint, Defendant denies that this Court has jurisdiction over this action, as more fully set forth in his Motion to Dismiss [Doc. 68] and related filings.

11. With respect to the allegations in paragraph 11 of Intervenor Plaintiffs' Complaint, Defendant denies that this Court has jurisdiction over this action, as more fully set forth in his Motion to Dismiss [Doc. 68] and related filings.

12. With respect to the allegations in paragraph 12 of Intervenor Plaintiffs' Complaint, Defendant admits venue would be proper in this District, assuming, arguendo, this Court has jurisdiction over this action.

### Standing

13. Paragraph 13 of Intervenor Plaintiffs' Complaint does not contain any allegations to which a response is owed. Nevertheless, Defendant denies any allegation that Intervenor Plaintiffs have standing, as more fully set forth in his Motion to Dismiss [Doc. 68] and related filings.

14. Defendant denies the allegations and legal characterizations in paragraph 14 of Intervenor Plaintiffs' Complaint, as more fully set forth in his Motion to Dismiss [Doc. 68] and related filings. Defendant further adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

15. Defendant denies the allegations and legal characterizations in paragraph 15 of Intervenor Plaintiffs' Complaint, as more fully set forth in his Motion to Dismiss [Doc. 68] and related filings. Defendant further adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

16. Defendant denies the allegations and legal characterizations in paragraph 16 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

17. Defendant denies the allegations and legal characterizations in paragraph 17 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

18. Regarding the allegations and legal characterizations in paragraph 18 of Intervenor Plaintiffs' Complaint, *McGirt v. Oklahoma* held only that, for purposes of the Major Crimes Act, the Muscogee (Creek) Reservation was not disestablished. 591 U.S. 894 (2020). As the Supreme Court later clarified, Indian country is part of a State's territory. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 636–38 (2022).

19. Regarding the allegations and legal characterizations in paragraph 19 of Intervenor Plaintiffs' Complaint, Defendant admits only that he maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025).

20. Paragraph 20 of Intervenor Plaintiffs' Complaint does not contain any allegations to which any response is owed. Nevertheless, Defendant denies any allegations or legal characterizations inconsistent with Defendant's authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover,

the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025). Defendant further adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

21. For his response to paragraph 21 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates his response to paragraph 20 of Intervenor Plaintiffs' Complaint, above.

22. For his response to paragraph 22 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates his response to paragraph 20 of Intervenor Plaintiffs' Complaint, above.

23. For his response to paragraph 23 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates his response to paragraph 20 of Intervenor Plaintiffs' Complaint, above.

24. Regarding the allegations and legal characterizations in paragraph 24 of Intervenor Plaintiffs' Complaint, Defendant admits only that he maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but otherwise adopts and incorporates his response to paragraph 20 of Intervenor Plaintiffs' Complaint, above. Defendant further responds that the Oklahoma Court of Criminal Appeals held in *O'Brien*, which was issued after having analyzed each of Defendant's arguments advanced in this lawsuit, that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *City of Tulsa v. O'Brien*, Case No. S-2023-715, 2024 WL 5001684 (Okla. Crim. App. Dec. 5, 2024). Moreover, the court in *Creek v. Kunzweiler*, Case No. 25-CV-75-GKF-JFJ (N.D. Okla.), also recently held that the State of Oklahoma has authority to prosecute non-member Indians who commit non-major crimes in Indian country. *See Id.* (Judgment, Dec. 30, 2025).

25. For his response to paragraph 25 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates his response to paragraph 20 of Intervenor Plaintiffs' Complaint, above.

26. For his response to paragraph 26 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates his response to paragraph 20 of Intervenor Plaintiffs' Complaint, above.

27. Regarding the allegations or legal characterizations in paragraph 27 of Intervenor Plaintiffs' Complaint, Defendant admits only that, for purposes of the Major Crimes Act, the Cherokee reservation has not been disestablished. Defendant otherwise adopts and incorporates his response to the allegations in paragraph 20 of Intervenor Plaintiffs' Complaint, above.

28. Regarding the allegations or legal characterizations in paragraph 28 of Intervenor Plaintiffs' Complaint, Defendant admits only that, for purposes of the Major Crimes Act, the Cherokee reservation has not been disestablished. Defendant otherwise adopts and incorporates his response to the allegations in paragraphs 1 and 20 of Intervenor Plaintiffs' Complaint, above.

29. For his response to paragraph 29 of Intervenor Plaintiffs' Complaint, Defendant adopts and incorporates his response to paragraphs 1 and 20 of Intervenor Plaintiffs' Complaint, above.

30. To the extent subheading A of Intervenor Plaintiffs' Complaint contains any allegations or legal characterizations to which a response is owed, Defendant denies the same and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

31. Defendant denies the allegations and legal characterizations in paragraph 30 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

32. Defendant denies the allegations and legal characterizations in paragraph 31 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

33. Defendant denies the allegations and legal characterizations in paragraph 32 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

34. Defendant denies the allegations and legal characterizations in paragraph 33 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

35. Defendant denies the allegations and legal characterizations in paragraph 34 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

36. Defendant denies the allegations and legal characterizations in paragraph 35 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

37. Regarding the allegations or legal characterizations in paragraph 36 of Intervenor Plaintiffs' Complaint, Defendant admits that it does not rely on Public Law 280 for its assertion of jurisdiction to prosecute non-member Indians who commit non-major crimes in Indian country. Defendant otherwise denies the allegations and legal characterizations in paragraph 36 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

38. Defendant denies the allegations and legal characterizations in paragraph 37 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

39. Defendant denies the allegations and legal characterizations in paragraph 38 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

40. Defendant denies the allegations and legal characterizations in paragraph 39 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

41. Defendant denies the allegations and legal characterizations in paragraph 40 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

42. Defendant denies the allegations and legal characterizations in paragraph 41 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

43. To the extent subheading B of Intervenor Plaintiffs' Complaint contains any allegations or legal characterizations to which a response is owed, Defendant denies the same and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

44. Defendant denies the allegations and legal characterizations in paragraph 42 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

45. Defendant denies the allegations and legal characterizations in paragraph 43 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

46. Defendant denies the allegations and legal characterizations in paragraph 44 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

47. Defendant denies the allegations and legal characterizations in paragraph 45 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

48. Defendant denies the allegations and legal characterizations in paragraph 46 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

49. Defendant denies the allegations and legal characterizations in paragraph 47 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

50. Defendant denies the allegations and legal characterizations in paragraph 48 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

51. Defendant denies the allegations and legal characterizations in paragraph 49 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

52. To the extent subheading C of Intervenor Plaintiffs' Complaint contains any allegations or legal characterizations to which a response is owed, Defendant denies the same and

adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

53. Regarding the allegations and legal characterizations in paragraph 50 of Intervenor Plaintiffs' Complaint, Defendant admits only that he maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

54. Regarding the allegations and legal characterizations in paragraph 51 of Intervenor Plaintiffs' Complaint, Defendant admits only that he maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country but denies the rest. Defendant further adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint.

55. Regarding the allegations in paragraph 52 of Intervenor Plaintiffs' Complaint, Defendant admits that the State filed the criminal charges referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings.

56. Regarding the allegations in paragraph 53 of Intervenor Plaintiffs' Complaint, Defendant does not have sufficient information to confirm or deny the Cherokee Nation's charging decisions related to Mr. Bull and therefore denies the same. Defendant admits that, after the State charged Mr. Bull with criminal conduct, the federal government charged Mr. Bull. Defendant denies anything inconsistent with the public records available in those matters. Defendant admits that the State maintained its prosecution against Mr. Bull, pursuant to the State's authority to prosecute non-member Indians who commit non-major crimes in Indian country.

57. Regarding the allegations in paragraph 54 of Intervenor Plaintiffs' Complaint, Defendant admits that the State filed the criminal charges referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings.

58. Regarding the allegations in paragraph 55 of Intervenor Plaintiffs' Complaint, Defendant admits that the State maintained its prosecution referenced therein and that related proceedings ensued against the criminal defendant. Defendant denies any allegations inconsistent with the public records in those proceedings. Defendant further admits that he did not prosecute the criminal defendant in Cherokee Nation District Court.

59. Regarding the allegations in paragraph 56 of Intervenor Plaintiffs' Complaint, Defendant does not have sufficient information to confirm or deny the Cherokee Nation's charging decisions related to Mr. Williams and therefore denies the same.

60. Regarding the allegations in paragraph 57 of Intervenor Plaintiffs' Complaint, Defendant admits that the State filed the criminal charges referenced therein. Defendant denies any allegations inconsistent with the public records in those proceedings.

61. Regarding the allegations in paragraph 58 of Intervenor Plaintiffs' Complaint, Defendant does not have sufficient information to confirm or deny the Cherokee Nation's charging decisions related to Mr. Ashley and therefore denies the same.

62. Defendant denies the allegations and legal characterizations in paragraph 59 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

63. Defendant denies the allegations and legal characterizations in paragraph 60 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

64. Defendant denies the allegations and legal characterizations in paragraph 61 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

65. Defendant denies the allegations and legal characterizations in paragraph 62 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

## CLAIMS FOR RELIEF

66. Defendant denies the allegations and legal characterizations realleged in paragraph 63 of Intervenor Plaintiffs' Complaint and further adopts and incorporates his responses to each of the paragraphs, above.

67. Defendant denies the allegations, legal characterizations, and requests for relief in paragraph 64 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

68. Defendant denies the allegations, legal characterizations, and requests for relief in paragraph 65 of Intervenor Plaintiffs' Complaint and adopts and incorporates his response to the allegations in paragraph 1 of Intervenor Plaintiffs' Complaint, above.

## PRAYER FOR RELIEF

69. Defendant denies the prayer for relief and its subparts in Intervenor Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1. This Court lacks jurisdiction over Intervenor Plaintiffs' claims.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff has failed to join necessary parties.

4. Defendant maintains authority to prosecute non-member Indians who commit non-major crimes in Indian country.

5. Defendant reserves the right to assert any additional affirmative defenses that may become known or apparent through discovery, further investigation, or other proceedings in this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that his answer be deemed good and sufficient and all claims by Intervenor Plaintiffs against Defendant be dismissed, with prejudice, and such other and further relief, legal, equitable, including attorney's fees, be awarded Defendant.

       *s/Phillip G. Whaley*
       Phillip G. Whaley, OBA #13371
       Grant M. Lucky, OBA #17398
       Patrick R. Pearce, Jr., OBA #18802
       RYAN WHALEY
       400 North Walnut Avenue
       Oklahoma City, OK  73104
       (405) 239-6040
       (405) 239-6766 FAX
       pwhaley@ryanwhaley.com
       glucky@ryanwhaley.com
       rpearce@ryanwhaley.com

>Trevor S. Pemberton, OBA #22271
>PEMBERTON LAW GROUP, PLLC
>600 North Robinson Avenue, Suite 308
>Oklahoma City, OK 73102
>P: (405) 501-5054
>trevor@pembertonlawgroup.com
>
>***Attorneys for Defendant***
>***Matthew J. Ballard***

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing.

>*s/Phillip G. Whaley*
>Phillip G. Whaley