IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>CHEROKEE NATION, CHICKASAW NATION, and CHOCTAW NATION OF OKLAHOMA,<br><br>*Intervenor Plaintiffs*,<br><br>and<br><br>MUSCOGEE (CREEK) NATION,<br><br>*Consolidated Plaintiff*,<br><br>v.<br><br>MATTHEW BALLARD, District Attorney for the Twelfth Prosecutorial District of Oklahoma, in his official capacity,<br><br>*Defendant*. | Case No. 4:24-cv-00626-CVE-SH<br>(BASE FILE)<br><br>Consolidated with:<br>Case No. 4:25-cv-0050-CVE-SH |

**JOINT STATUS REPORT**

Pursuant to the Court's Opinion and Order dated January 16, 2026 (ECF No. 118), the parties hereby submit this Joint Status Report. The parties have stipulated that the pending motions for preliminary injunctions (ECF Nos. 5, 67) should be treated as motions for permanent injunction to fully resolve this case. However, the parties disagree regarding the nature of the issues in dispute and appropriate next steps for their presentations to the Court. Accordingly, the parties submit and state as follows.

**Plaintiffs' Position:**

The United States', Muscogee (Creek) Nation's, and Intervening Tribes' (collectively, "Plaintiffs") position is that the issue presented in this case—whether Defendant violates federal law by prosecuting Indians for crimes committed in Indian country—is a legal issue that can be resolved without an evidentiary hearing or fulsome factual record. Plaintiffs' briefing establishes that states do not have criminal jurisdiction over Indians in Indian country absent express authorization from Congress. And because Defendant lacks such authorization from Congress, his exercise of such jurisdiction violates federal law. *E.g.*, ECF No. 5 at PDF 12; ECF No. 67 at 9-10; ECF No. 24-3 at 10. If Plaintiffs prevail on that argument, the case should be resolved in their favor.[1]

Accordingly, Plaintiffs submit that the pending motions for preliminary injunction may be converted to and treated as motions for permanent injunction to fully resolve this case. Should the Court choose to do so, Plaintiffs submit that the following schedule would be appropriate for the conclusion of the parties' briefing with respect to the pending motions:

- Defendant will file a consolidated response to the pending motions (ECF Nos. 5, 67) within 30 days of the Court's entry of a scheduling order in this matter. The consolidated response will be limited to 40 pages;

- The United States and Muscogee (Creek) Nation will file replies in support of their respective motions within 30 days thereafter. The Intervening Tribes may file a reply in

---

[1] Plaintiffs' position is that the issues in dispute are those laid out in their respective complaints and motions for preliminary injunction and briefs in support, and the actions of Defendant at the time the complaints were filed. Plaintiffs disagree with Defendant to the extent he attempts to narrow the issues being litigated or limit Plaintiffs' legal arguments.

2

support of the United States' motion (ECF No. 5; *see* ECF No. 79), also within 30 days thereafter. Each reply brief will be limited to 20 pages.

Plaintiffs reserve all rights to reply to any assertions of fact or law made by Defendant in his response, including, as appropriate, by submitting on reply affidavits and evidence responsive to any factual arguments raised by Defendant in his response.

With respect to the Defendant's request for a stay, the Plaintiffs note that, in a pending case involving the same or substantially the same issues to those in dispute here, Magistrate Judge Robertson rejected the City of Henryetta's request to stay proceedings in light of the pending appeal in *Muscogee (Creek) Nation v. Kunzweiler*, 25-CV-75-GKF-JFJ, 2025 WL 3124450 (N.D. Okla. Nov. 7, 2025). *See* Dkt. 84, *Muscogee (Creek) Nation v. City of Henryetta*, 6:25-cv-00227-JAR (E.D. Okla. Feb. 10, 2026). If Defendant believes that a different result should obtain in this matter, Plaintiffs submit that Defendant may file a Motion to Stay the Proceedings, in which Defendant would have the burden to establish that a stay is warranted under the familiar four-factor test which applies to such requests. *See*, *e.g.*, *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003).

### **Plaintiffs' Statement Regarding Application of the "*Bracker* Balancing Analysis"**

Plaintiffs' position is that the Court may resolve this case as a matter of law as stated in the pending motions for preliminary injunction, without reference to the "two independent but related barriers" to state authority set out in *White Mountain Apache Tribe v. Bracker*, 448 U.S. 136 (1980). In the civil/regulatory context, where state authority over non-Indians is already established, it may nevertheless be barred where it interferes with tribal self-government, or where the federal and tribal interests in the activity outweigh the state or local interests in

regulating the activity. The *Bracker* balancing analysis calls "for a particularized inquiry into the nature of the state, federal, and tribal interests at stake," 448 U.S. at 145, where "the history of tribal sovereignty underlying the particular treaties and statutes implicated serves as a necessary 'backdrop.'" *Cotton Petroleum v. New Mexico*, 490 U.S. 163, 176 (1989). Thus, Plaintiffs believe significant factual development would be required if the Court were to apply the *Bracker* balancing analysis.

If the Court, after consideration of all arguments made by Plaintiffs in the briefing on the pending motions for preliminary injunction, concludes that the *Bracker* balancing analysis applies, then Plaintiffs reserve their rights and respectfully request that the Court allow for further briefing and evidentiary hearings to develop the record on the relevant *Bracker* factors. However, Plaintiffs disagree with Defendant's contention that it is appropriate for the parties to build a factual record, which could potentially include an evidentiary hearing, and to fully brief the law and the facts that would be applicable in a case in which the *Bracker* balancing analysis applies, unless and until the Court determines that this analysis would be relevant. Defendant's proposal that Plaintiffs file supplemental briefs predicated on *Bracker*'s application would be highly inefficient and needlessly burdensome to both the parties and the Court in the event that the Court finds *Bracker* inapplicable to the instant action.

Plaintiffs defer to the Court on whether a status and scheduling conference would be helpful, such that the parties could address their competing positions, and the Court might provide guidance to the parties regarding the most helpful and efficient process for seeking resolution of the disputed issues in this matter.

**Defendant's Position:**

Before reaching the scheduling issue, Defendant maintains that conservation of judicial resources and the avoidance of duplicative litigation on identical legal issues justify a stay of these proceedings pending resolution of the Muscogee (Creek) Nation's appeal of an order entered in the State's favor in *Muscogee (Creek) Nation v. Kunzweiler*, 25-CV-75-GKF-JFJ, 2025 WL 3124450 (N.D. Okla. Nov. 7, 2025). The Nation's opening brief is due in that appeal to the 10th Circuit, March 30, 2026.

If the Court declines to stay these proceedings, Defendant objects to the schedule proposed by the United States in light of the parties' agreement to convert Plaintiffs' motions to ones for permanent injunction. First, if there are declarations that the United States, the Intervening Tribes, and/or the Muscogee (Creek) Nation believe the Court should consider in determining whether a permanent injunction should issue, they should be required to submit such evidence by supplementing their respective motions, not in a reply brief filed subsequent to Defendant's response, which is not the proper place to introduce new evidence. Second, notwithstanding the broad relief Plaintiffs seek, Defendant has exercised jurisdiction in Indian country only in a manner consistent with decisions of Judge Frizzell of this Court in *Muscogee (Creek) Nation v. Kunzweiler*, 25-CV-75-GKF-JFJ, 2025 WL 3124450 (N.D. Okla. Nov. 7, 2025), and the Oklahoma Court of Criminal Appeals in *City of Tulsa v. O'Brien*, 2024 OK CR 31—namely, that the State possesses concurrent jurisdiction over non-major crimes committed by non-member Indians within Indian country. Thus, Plaintiffs' supplemental briefs and declarations in support of their motions for permanent injunction, if any, should focus on the conduct actually in dispute. Defendant requests that the Court hold a status and scheduling conference to hear the parties' respective positions and provide further guidance on the scope

and timing of additional briefs. Alternatively, should the Court enter a schedule without conducting a conference, Defendant respectfully requests that it be allowed no fewer than 30 days from the date this Court enters a scheduling order to respond to whatever motion(s) are at issue, whether supplemented by Plaintiffs or not, and proposes the following briefing schedule:

- The United States, the Muscogee (Creek) Nation, and the Intervening Tribes will file any supplemental briefs in support of the pending motions (ECF Nos. 5, 67, 79) within 30 days from the entry of the Court's scheduling order, limited to the conduct of Defendant that is actually in dispute. The supplements will be limited to 15 pages each;
- Defendant will file a consolidated response to the pending motions (ECF Nos. 5, 67, 79), as supplemented, if applicable, within 30 days thereafter. The consolidated response will be limited to 40 pages;
- The United States and Muscogee (Creek) Nation will file replies in support of their respective motions within 14 days thereafter. The Intervening Tribes may file a reply in support of the United States' motion (ECF No. 5; *see* ECF No. 79), also within 14 days thereafter. Each reply brief will be limited to 20 pages.

**Defendant's Statement Regarding Application of the "*Bracker* Balancing Analysis"**

Defendant asserts that the State possesses jurisdiction in Indian country consistent with the rulings of the Courts in *Kunzweiler* and *O'Brien*. The United States has presented its arguments that *Castro-Huerta* is inapplicable and/or should not be followed by the Court. It contends the Court should apply a test from *McClanahan v. State Tax Comm'n of Arizona*, 411 U.S. 164 (1973), rather than *Bracker* (Doc. 5, at 7-22). This position has been consistently rejected, including in *O'Brien* and by Judge Frizzell in *Kunzweiler*, 2025 WL 3124450, at *4-5 (applying *Castro-Huerta* and the *Bracker* test and finding that the State is "not preempted by

6

federal law under ordinary principles of federal preemption from asserting concurrent criminal jurisdiction over nonmember Indians charged with committing crimes not covered by the MCA within the Nation's Reservation" and that the Muscogee (Creek) Nation had failed to show "the exercise of concurrent state jurisdiction over nonmember Indians unlawfully infringes on tribal self-government," in a nearly identical challenge to the jurisdiction of another district attorney to prosecute non-major crimes committed in Indian country by non-member Indians).

However, the United States has also specifically argued that the exercise of State jurisdiction would infringe on tribal self-government, relying on the test in *Bracker* (Doc. 5, at 20-22). If it has additional argument or evidence on this issue that it believes the Court should consider in resolving the motion for permanent injunction, it should supplement its earlier motion, prior to any response by Defendant. Defendant should be permitted to fully respond to Plaintiffs' arguments, as supplemented if applicable, and to demonstrate why State jurisdiction is not preempted here.

Defendant opposes a bifurcated briefing schedule, or any other procedure that would limit his ability to present all legal arguments and evidence for the Court's consideration. Respectfully, Plaintiffs' desire to relitigate—piecemeal—whether the State has "jurisdiction to prosecute crimes committed in Indian country[]" absent preemption should be rejected. *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 637-38 (2022). As the Supreme Court has explained in the criminal context, "a State's jurisdiction in Indian country may [only] be preempted (i) by federal law under ordinary principles of federal preemption, or (ii) when the exercise of state jurisdiction would unlawfully infringe on tribal self-government." *Id*. at 638 (addressing the latter through "what has been referred to as the *Bracker* balancing test[.]").

Moreover, the United States' Complaint and Motion for Preliminary Injunction reflect its awareness of—and anticipation of—Defendant's position on the central legal issue before the Court: whether the State retains jurisdiction to prosecute non-member Indians who commit non-major crimes in Indian country. Limiting Defendant's opportunity to present his complete legal argument in response to a motion for permanent injunction seeking full and final relief would be impractical and inconsistent with fundamental fairness. Respectfully, Plaintiffs ask the Court to resolve the sole issue in this proceeding without the benefit of a complete—or proper—analysis, and while that same issue is pending before the Tenth Circuit.

DATED: February 17, 2026            Respectfully submitted,

                                             ADAM R.F. GUSTAFSON
                                             Acting Assistant Attorney General

                                             */s/ Cody McBride*
                                             CODY MCBRIDE
                                             HILLARY HOFFMAN
                                             United States Department of Justice
                                             Environment & Natural Resources Division
                                             Tribal Resources Section
                                             P.O. Box 7611, Ben Franklin Station
                                             Washington, D.C. 20044
                                             Tel.: (202) 514-6755 (McBride)
                                             Tel.: (202) 598-3147 (Hoffman)
                                             Fax: (202) 353-1156
                                             cody.mcbride@usdoj.gov
                                             hillary.hoffman@usdoj.gov

OF COUNSEL:
CONOR CLEARY, Field Solicitor, Tulsa Field Solicitor's Office
United States Department of the Interior
Office of the Solicitor

                                             *Attorneys for United States of America*


                                             */s/ Frank S. Holleman*
                                             Frank S. Holleman
                                             Douglas B. L. Endreson
                                             SONOSKY, CHAMBERS, SACHSE,
                                                ENDRESON & PERRY, LLP
                                             1425 K St. NW, Suite 600
                                             Washington, DC 20005
                                             Tel: 202-682-0240
                                             fholleman@sonosky.com
                                             dendreso@sonosky.com


                                             *Counsel for the Cherokee Nation,*
                                                *Chickasaw Nation, and Choctaw Nation of*
                                                *Oklahoma*

<table>
<tr><td>

Geraldine Wisner, OBA No. 20128  
Attorney General  
MUSCOGEE (CREEK) NATION  
P.O. Box 580  
Okmulgee, OK 74447  
(918) 295-9720  
gwisner@mcnag.com

</td><td>

*/s/ Riyaz A. Kanji*  
Riyaz A. Kanji  
David A. Giampetroni  
Josh Handelsman  
KANJI & KATZEN, P.L.L.C.  
P.O. Box 3971  
Ann Arbor, MI 48106  
(734) 769-5400  
rkanji@kanjikatzen.com  
dgiampetroni@kanjikatzen.com  
jhandelsman@kanjikatzen.com

</td></tr>
<tr><td>

O. Joseph Williams, OBA No. 19256  
O. JOSEPH WILLIAMS LAW OFFICE, PLLC  
The McCulloch Building  
114 N. Grand Avenue, Suite 520  
P.O. Box 1131  
Okmulgee, OK 74447  
(918) 752-0020  
jwilliams@williamslaw-pllc.com

</td><td>

Philip H. Tinker, OBA No. 36498  
KANJI & KATZEN, P.L.L.C.  
12 N. Cheyenne Avenue, Suite 220  
Tulsa, OK 74103  
(206) 344-8100  
ptinker@kanjikatzen.com

</td></tr>
</table>

*Counsel for Muscogee (Creek) Nation*

*/s/ Phillip G. Whaley*  
Phillip G. Whaley, OBA #13371  
Grant M. Lucky, OBA #17398  
Patrick R. Pearce, Jr., OBA #18802  
RYAN WHALEY  
400 North Walnut Avenue  
Oklahoma City, OK 73104  
(405) 239-6040  
(405) 239-6766 FAX  
pwhaley@ryanwhaley.com  
glucky@ryanwhaley.com  
rpearce@ryanwhaley.com  

Trevor S. Pemberton, OBA #22271  
PEMBERTON LAW GROUP, PLLC  
600 North Robinson Avenue, Suite 308  
Oklahoma City, OK 73102  
P: (405) 501-5054  
trevor@pembertonlawgroup.com  

*Attorneys for Defendant*  
*Matthew J. Ballard*

## CERTIFICATE OF SERVICE

I certify that on February 17, 2026, I electronically filed this document with the Clerk of the Court by using the CM/ECF system, which will serve and send a notice of electronic filing to all parties or their counsel of record.

*/s/ Cody McBride*
CODY MCBRIDE
