**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **CHEROKEE NATION,** | ) |
| **CHICKASAW NATION, and** | ) |
| **CHOCTAW NATION OF OKLAHOMA,** | ) |
| | ) |
| **Intervenor Plaintiffs,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **MUSCOGEE (CREEK) NATION,** | ) |
| | ) |
| **Consolidated Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **MATTHEW J. BALLARD,** | ) |
| | ) |
| **Defendant.** | ) |

**Case No. 24-CV-0626-CVE-SH**
**(BASE FILE)**

Consolidated with:
**Case No. 25-CV-0050-CVE-SH**

## ORDER

The Court has reviewed the parties' joint status report (Dkt. # 125) and the parties note that

there is currently a matter pending before the Tenth Circuit Court of Appeals that may affect the

outcome of a substantial issue in this case.  In Muscogee (Creek) Nation v. Steve Kunzweiler, 25-

CV-75-GKF-JFJ (N.D. Okla), the Honorable Gregory Frizzell ruled that the state of Oklahoma has

concurrent jurisdiction to prosecute persons for violations of state law when the alleged crime, not

within the scope of the Major Crimes Act, was committed by an Indian who was not a member of

the tribe on whose reservation the criminal activity occurred.  The parties dispute whether the Tenth

Circuit's ruling in Kunzweiler will completely resolve this case, but there is agreement between the

parties that the Tenth Circuit's ruling will affect this Court's ruling on substantial aspects of

plaintiffs' claims.  Defendant asks the Court to stay this case pending the Tenth Circuit's ruling in

Kunzweiler.  Dkt. # 125.  The Court will enter a briefing schedule on defendant's request to enter

a stay pending the Tenth Circuit's ruling and, if necessary, will enter a scheduling order following

the ruling on the motion to stay.

      **IT IS THEREFORE ORDERED** that the Court enters the following briefing schedule for

defendant's proposed motion to stay these proceedings:

      Defendant's Motion to Stay:               April 1, 2026

      Plaintiffs' Response:                   April 15, 2026

      Defendant's Reply:                     April 29, 2026

      **DATED** this 23rd day of February, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

2