**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **Case No. 24-CV-0626-CVE-SH** |
| | ) | **(BASE FILE)** |
| and | ) | |
| | ) | Consolidated with: |
| CHEROKEE NATION, | ) | **Case No. 25-CV-0050-CVE-SH** |
| CHICKASAW NATION, and | ) | |
| CHOCTAW NATION OF OKLAHOMA, | ) | |
| | ) | |
| Intervenor Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MUSCOGEE (CREEK) NATION, | ) | |
| | ) | |
| Consolidated Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MATTHEW J. BALLARD, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's motion to stay and brief in support (Dkt. # 129).

Defendant Matthew J. Ballard asks the Court to stay this case pending a ruling from the Tenth

Circuit Court of Appeals in another case concerning the state of Oklahoma's prosecutorial authority

in Indian country. Dkt. # 129. The United States of America and the intervenor plaintiffs have filed

separate responses (Dkt. ## 132, 133, 134) opposing defendant's request to stay this case, and they

argue that they will be substantially harmed if the Court delays a ruling on the merits of their claims.

Defendant has filed a reply (Dkt. # 135).

Ballard is the District Attorney for the Twelfth Prosecutorial District of Oklahoma and,

beginning in 2023, Ballard began prosecuting Indians for alleged criminal activity taking place

within the historical boundaries of the Cherokee Nation reservation.  Dkt. # 2, at 12-13.  The

defendants named in the criminal prosecutions were members of the Navajo, Chickasaw, and

Choctaw Nations.  Id.  The United States of America filed this case seeking declaratory and

injunctive relief prohibiting Ballard from prosecuting any Indian for criminal conduct occurring in

Indian country.  Id. at 16.  The Cherokee, Chickasaw, and Choctow Nations requested and received

leave to intervene as plaintiffs. The Muscogee (Creek) Nation (Creek Nation) filed a separate lawsuit

to prohibit Ballard from prosecuting Indians within the boundaries of its reservation, because the

Twelfth Prosecutorial District of Oklahoma includes portions of the Creek Reservation and Ballard's

conduct poses a substantial risk of the harm to the Creek Nation.  Muscogee (Creek) Nation v.

Matthew J. Ballard, 25-CV-50-CVE-SH (N.D. Okla. Jan 29, 2025).  The Court consolidated these

cases, and all of the plaintiffs have filed motions for a preliminary injunction to prevent Ballard from

attempting to exercise criminal jurisdiction over any Indian in Indian country.  Ballard filed a motion

to dismiss all pending claims based on various prudential and abstention doctrines, but the Court

denied the motion in all respects.  Dkt. # 118.

In a separate lawsuit, the Creek Nation sued the Tulsa County District Attorney, Steve

Kunzweiler, for asserting criminal jurisdiction over Indians who allegedly committed crimes within

the boundaries of the Creek reservation but who were not members of the Creek Nation.[1]  Muscogee

(Creek) Nation v. Kunzweiler, 2025 WL 3124450 (N.D. Okla. Nov. 7, 2025) (Kunzweiler).  That

---

[1]      Ballard claims that he has brought criminal charges against "non-member Indians" only, by
which he means that the person is not a member of the tribe on the reservation of which the
alleged criminal conduct occurred.  For example, a citizen of the Chickasaw Nation who
allegedly commits a crime on Cherokee Nation is not a member of tribe which could assert
criminal jurisdiction over him, and Ballard would refer to the Chickasaw citizen as a non-
member Indian.

court determined that the state of Oklahoma could exercise concurrent criminal jurisdiction over non-member Indians accused of committing crimes not covered by the Major Crimes Act, 18 U.S.C. § 1151 (MCA). The case is currently on appeal to the Tenth Circuit, and a review of the appellate docket sheet shows that briefing has not been completed. In another pending case, a federal district court issued a preliminary injunction prohibiting the city of Henryetta, Oklahoma from enforcing municipal criminal laws against all Indians, even if the Indian is not a member of the Creek Nation. Muscogee (Creek) Nation v. City of Henryetta, Oklahoma, 2026 WL 1336060 (E.D. Okla. May 13, 2026). The city of Henryetta resides entirely within the historical boundaries of the Creek Reservation, but the city took the position that it could prosecute non-member Indians under munipal law. Id. at *5. The court rejected the city's arguments based on decisions of the Oklahoma Court of Criminal Appeals and Oklahoma v. Castro-Huerta, 597 U.S. 629 (2022), and found that long-standing federal law prior to McGirt v. Oklahoma, 591 U.S. 894 (2020), established that the city had no criminal jurisdiction over any Indian. Id. at *16.

Defendant asks the Court to stay this case pending a ruling by the Tenth Circuit in Kunzweiler, and plaintiffs oppose defendant's request for a stay. In Landis v. North American Co., 299 U.S. 248 (1936), the Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket . . ." but:

> [t]he exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

Id. at 254-55.  Applying Landis, courts have recognized that "a trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.  This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. . . . In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it."  Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir. 1979).

However, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." Indiana State Police Pension Trust v. Chrysler LLC, 129 S. Ct. 2275, 2276 (2009).  "It is instead an exercise of judicial discretion, and the 'party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'"  Id.  "The propriety of a stay is dependent upon the circumstances of the particular case, and the traditional stay factors contemplate individualized judgments in each case."  Id. at 2277 (internal quotations omitted).  Landis dictates that courts making such judgments take into account hardship to the parties, as well as the "orderly course of justice."  299 U.S. at 244-45.  And the Tenth Circuit has instructed courts to consider the following factors before granting a stay: "whether the [moving party is] likely to prevail in the related proceeding; whether, absent a stay, the [moving party] will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake."  United Steelworkers of Am. v. Oregon Steel Mills, Inc., 322 F.3d 1222, 1227 (10th Cir. 2003).

The parties devote most of their briefing to the issue of whether defendant is likely to prevail before the Tenth Circuit in Kunzweiler, and correspondingly which party is likely to prevail in this case. See Dkt. # 129, at 5-6; Dkt. # 132, at 6-10; Dkt. # 133, at 4-7; Dkt. # 134, at 2-4. However, the Court declines to consider the relative merits of the parties' competing positions, and finds that the existence of substantial arguments in favor of both parties weighs strongly in favor of staying this case pending a ruling from the Tenth Circuit. As the Court has already noted, federal courts considering similar issues have come to different conclusions concerning the state of Oklahoma's criminal authority over non-member Indians in Indian county, and the issue is currently pending before the Tenth Circuit. The Court notes that plaintiffs have raised a broader issue than simply the state of Oklahoma's authority to exercise concurrent criminal jurisdiction over non-member Indians, but a ruling by the Tenth Circuit on this issue would resolve a key issue in this case and would provide significant guidance for the broader issue raised by plaintiffs.[2] The Court finds that judicial economy strongly favors staying this case pending a ruling by the Tenth Circuit in Kunzweiler.

Defendant argues that he will be harmed if he is required "from continuing to defend this related action over the exact same legal issue after already prevailing once in [Kunzweiler]." Dkt. # 129, at 6. Plaintiffs correctly point out that Ballard is not a party in the Kunzweiler case and he

---

[2]     Defendant repeatedly attempts to characterize the issue raised by plaintiffs as whether the state has concurrent criminal jurisdiction over crimes committed by non-member Indians in Indian county as long as the crimes are not covered by the MCA. Plaintiffs have rejected defendant's formulation of the issues raised in their complaints, and they have clarified that they are seeking a declaratory judgment that the state of Oklahoma lacks criminal jurisdiction over all Indians in Indian country for all crimes, whether or not the crimes fall within the scope of the MCA. Dkt. # 132, at 5-6 n.2; Dkt. # 133, at 5 n.2; Dkt. # 134, at 2. Defendant is advised to refrain from re-stating the scope of plaintiffs' claims, and plaintiffs are not required to accept defendant's assertion that he will limit prosecution to non-member Indians who have committed crimes not falling within the scope of the MCA.

has not been required to litigate these issues in any other forum. Dkt. # 132, at 11; Dkt. # 133, at 8. Ballard has not shown that denying his request for a stay will subject him to duplicative litigation, as he was not a party in Kunzweiler and he is not engaged in any other litigation concerning the subject matter of plaintiffs' claims. Defendant also argues that proceeding to a resolution in this case could lead to inconsistent results and confusion if this Court rules that Ballard lacks the authority to prosecute non-member Indians. Dkt. # 129, at 6. The Court notes that there are already inconsistent rulings on the jurisdictional issues central to plaintiffs' claims, and a ruling by this Court would not increase any "confusion" concerning the state of Oklahoma's authority to prosecute Indians for crimes committed in Indian country. Defendant has not shown that he will be harmed by the continuation of this litigation, let alone that he would suffer irreparable harm.

Plaintiffs argue that they will suffer substantial injuries should the Court stay this case until the Tenth Circuit rules in Kunzweiler. The tribal nations argue that granting a motion to stay would effectively constitute the denial of their motion for a preliminary injunction, and they contend granting a stay would undermine tribal authority on Indian lands. Dkt. # 132, at 13-14; Dkt # 134, at 5-6. The United States argues that it will suffer substantial harm every day that the Court fails to enjoin defendant from prosecuting Indians in Indian country. Dkt. # 133, at 13. The Court finds that plaintiffs' claims of harm are speculative and do not weigh against granting defendant's motion to stay. The Court does not discount the effect of defendant's conduct on the sovereignty of the United States and tribal nations, but a delay in ruling on the motion for preliminary injunction is not the functional equivalent of denying plaintiffs' motions for preliminary injunction. However, the threat of potential intrusions on plaintiffs' governmental sovereignty does not warrant the Court providing

what would essentially be an advisory ruling on plaintiffs' claims when a central issue in this case is already pending before the Tenth Circuit.

Considering all of the factors, the Court finds that this case should be stayed pending a ruling by the Tenth Circuit in Kunzweiler.  The Court agrees with plaintiffs that the issue raised in Kunzweiler is narrower than the issue raised by plaintiffs in this case, but the decision in Kunzweiler will almost certainly resolve substantial aspects of plaintiffs' claims in this case.  Courts have come to different conclusions about the state of Oklahoma's prosecutorial authority in Indian country, and it would make little sense for this Court to rule on the merits of plaintiffs' claims when the Tenth Circuit is considering a case that will dispose of key parts of this case.  Neither plaintiffs nor defendants have shown that they will suffer any substantial injury if the case is stayed, and the relative harms to the parties does not weigh for or against a stay. Defendant is advised that bringing new prosecutions against Indians in Indian country could cause the Court to reconsider its ruling on defendant's motion to stay, because this could constitute substantial harm justifying proceeding with the case even if Kunzweiler had not been decided by the Tenth Circuit.

**IT IS THEREFORE ORDERED** that defendant's motion to stay and brief in support (Dkt. # 129) is **granted**.

**IT IS FURTHER ORDERED** that, pursuant to LCvR 41.1, this matter is **administratively closed** pending either an order of the Court reopening the action, or until this case is dismissed with prejudice by stipulation of the parties.

**DATED** this 3rd day of June, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE